IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-00578-WJM-KLM

COMPASSION INTERNATIONAL, INC.

    Plaintiff,

v.

COMPASSION ALLIANCE, INC.

    Defendant.

## ORDER ENTERING CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter is before the Court on the parties' Joint Motion for Entry of Consent Judgment and Order of Permanent Injunction (ECF No. 19), along with the Consent Judgment and [Proposed] Order of Permanent Injunction (ECF No. 15).

The parties to this action have stipulated to the facts set out in the below paragraphs numbered 1 through 5:

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367(a).

3. This Court has personal jurisdiction of all parties to this action, and the parties acknowledge the jurisdiction of this Court to enter and enforce the Consent Judgment and [Proposed] Order of Permanent Injunction.

4. Plaintiff Compassion International, Inc. ("Plaintiff") is now, and for all relevant times, has been the owner of several trademark registration U.S. Patent and Trademark Office ("PTO") for the COMPASSION mark (word only and in combination with other design elements), including U.S. Registration Nos. 2,988,651; 1,552,859; 2,669,765; 2,826,007; 3,390,622; and 3,806,533, and all of the rights thereto and thereunder.  Plaintiff's federal registrations and common law rights in the COMPASSION trademarks described above are referred to collectively herein as the "COMPASSION Marks."

5. The COMPASSION Marks are presumptively valid and enforceable, and Defendant Compassion Alliance, Inc. ("Defendant") does not have and does not claim earlier prior use of the COMPASSION Marks.

(ECF No. 15, at 1-2.)

Based on these stipulated facts and allegations, Defendant has consented to the following **JUDGMENT AND PERMANENT INJUNCTION** against it:

## JUDGMENT AND PERMANENT INJUNCTION

A. It is ORDERED that the Defendant, and each of its officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert or active participation therewith, as of the date of this Order, shall, beginning on June 30, 2012, be immediately and permanently enjoined and restrained from selling, offering, distributing, marketing, advertising, or promoting any charitable goods or services under any mark or trade name containing the COMPASSION

    Marks alone, or in combination with other terms, or any other mark confusingly similar thereto.

B.    Defendant shall not sell, license or transfer any rights in the term COMPASSION, either alone or in combination with any other term or phrase, or any other mark confusingly similar thereto, to any other entity.

C.    Except as set forth above, this action is otherwise DISMISSED WITH PREJUDICE and without any award of costs or fees to any party. This Court shall retain jurisdiction in this matter only for the purposes of enforcing this Consent Judgment and Order of Permanent Injunction.

Dated this 2nd day of May, 2012.

                                             BY THE COURT:

                                             _____
                                             William J. Martínez
                                             United States District Judge